United States District Court
For the Northern District of California

1

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   PAUL LINDER,                    )  Case No. 14-CV-03861 SC
                                    )
9            Plaintiff,             )  ORDER GRANTING LEAVE TO
                                    )  FILE UNTIMELY OPPOSITION
10      v.                          )  BRIEF AND GRANTING MOTION
                                    )  TO DISMISS
11  GOLDEN GATE BRIDGE, HIGHWAY &   )
    TRANSPORTATION DISTRICT, a Special )
12  District; LISA LOCATI individually )
    and as Bridge Captain of the    )
13  District, and DOES 1 to 10,     )
                                    )
14           Defendants.            )
                                    )
15                                  )
                                    )
16                                  )
                                    )
17  _____ )

18

19  I.   **INTRODUCTION**

20       Now before the Court are two intertwined motions in this case

21  alleging constitutional, employment, and tort claims against

22  Defendants the Golden Gate Bridge, Highway & Transportation

23  District ("the District") and Bridge Captain Lisa Locati

24  (collectively, "Defendants") stemming from the termination of

25  Plaintiff Paul Linder's employment with the District.  First,

26  Defendants moved to dismiss Linder's complaint, ECF No. 1 ("Compl."

27  or "Complaint") for failure to state a claim.  ECF No. 9 ("MTD").

28  Plaintiff's counsel ("Counsel") missed the deadline to file an

United States District Court
For the Northern District of California

1   opposition to that motion, ECF No. 19 ("Cert. of Non-Opp'n"), and

2   as a result, moved for leave to file an untimely opposition brief,

3   arguing that his neglect in missing the deadline was excusable.

4   ECF No. 21 ("Timing Mot.").  Pursuant to a Court-ordered briefing

5   schedule, ECF No. 30, both motions are fully briefed,[1] and

6   appropriate for resolution without oral argument under Civil Local

7   Rule 7-1(b).  For the reasons set forth below, leave to file the

8   untimely opposition brief is GRANTED.  Defendants' motion to

9   dismiss is GRANTED.

10

11  **II.   BACKGROUND**

12       Linder was employed by the District in various roles for 21

13  years.  At the relevant times he served as a Bridge Lieutenant, and

14  from 2004 to 2012 he was also the Assistant Rangemaster and (later)

15  Rangemaster.  As Assistant Rangemaster and Rangemaster, he was

16  responsible for firearms training and certification for District

17  employees.  In January or February of 2012, for reasons not

18  specified in the Complaint, Bridge Captain Locati removed Linder

19  from the role of Rangemaster.

20       Several months later, Locati told Linder he would be

21  interviewed by an outside investigator who was looking into

22  complaints concerning the District's compliance with regulations

23  governing weapons permitting and licensing.  That interview and

24  subsequent investigation by the California Bureau of Security and

25  Investigative Services ("the Bureau") and California Department of

26  Justice ("CDOJ") concluded that the District paid a retired former

27  ───────────────────
    [1] ECF Nos. 26 ("Timing Opp'n"); 31 ("Opp'n"); 32 ("Timing Reply");

28  33 ("Reply").

**United States District Court**
For the Northern District of California

1   employee to sign off on District firearms certifications without

2   knowledge of whether the individuals in question were actually

3   qualified for certification.  Over the course of that

4   investigation, Linder also revealed that Locati misrepresented the

5   retired former employee's date of retirement to conceal that the

6   District lacked an active Rangemaster (as is apparently required)

7   from March 2003 until 2004.  This and other information provided by

8   Linder was the "central cause" of the Bureau's decision to revoke

9   permits allowing the District to qualify and re-qualify its

10  personnel to carry firearms.  ECF No. 1 ("Compl.") at ¶ 23.  As a

11  result of the revocation of the District's permits, the District

12  was required to use private range services to comply with firearm

13  regulations.

14       The District sought to terminate Linder's employment on two

15  occasions.  First, on July 9, 2012, Linder was given a letter of

16  intent to terminate his employment based on his submission of two

17  allegedly incorrect dates on documents submitted to the Bureau.

18  After that meeting, Linder was escorted from the premises and told

19  not to return, and he continued on unpaid leave until September

20  2012, when his termination was overturned.  His termination was

21  overturned after his counsel submitted proof that Linder had, in

22  fact, followed the District's policies and procedures in submitting

23  documents to the Bureau.  Nonetheless, his return was mired by

24  incidents of allegedly retaliatory conduct by Locati, who assigned

25  him to an unprecedented and undesirable schedule, excessively

26  scrutinized his conduct, and placed unique conditions on his

27  return.  Linder filed a grievance complaining about this alleged

28  conduct, however the District's human resources department rejected

the grievance and refused Linder's parallel request for an
investigation of allegations of wrongdoing leveled by Locati.

Linder was finally terminated in February 2014.  Several
months prior to his actual termination, in October 2013, Linder
reported a security issue to Locati.  Two months later, Locati
ordered Linder undergo a "fitness for duty"[2] examination.  Despite
being cleared to return to duty, Linder was placed on
administrative leave, and in late December 2013, Locati "initiated
an Intent to Terminate memorandum"[3] for Linder, citing various
alleged instances of Linder's failure to perform certain job
duties.  On February 19, 2014, Linder was terminated.  In
terminating Linder, the District cited four issues: (1) an incident
with an individual who attempted to climb a cable on the Golden
Gate Bridge, (2) a written warning regarding a complaint from the
California Highway Patrol about Linder's response to a car
accident, (3) Linder's response to a potential suicide, and (4)
Linder's allegedly aggressive behavior toward a trespassing jogger.
Id. at ¶ 47.

Subsequently, Linder filed this suit alleging five claims
against Locati and the District: (1) retaliation in violation of
California Labor Code Section 1102.5(b), (2) violations of Linder's

---

[2] This term and other apparent terms of art like "Brady hearing,"
or "Bridge Lieutenant" are not always clearly defined either in the
Complaint or the parties' briefs.  Obviously the Court can surmise
the meaning of some of these terms based on context (although the
Court shares Defendants' confusion about the references to Brady,
see Mot. at 16 n.2).  However, in the future the parties should
explain terms like these unless their meanings are truly clear from
context or are well known.

[3] Again, this term is not defined.  Given that this is a case about
the termination of Linder's employment, the details of how
employment decisions are made at the District are highly relevant
and should be included in an amended complaint.

**United States District Court**
For the Northern District of California

1    First, Fifth, and Fourteenth Amendment rights under 42 U.S.C.

2    Section 1983, (3) violation of the Bane Act, California Civil Code

3    Section 52.1, and (4) intentional infliction of emotional distress.

4         When the case was filed it was initially assigned to

5    Magistrate Judge Westmore.  While Linder consented to magistrate

6    judge jurisdiction, ECF No. 7, Defendants did not file a consent or

7    declination to magistrate judge jurisdiction until after filing

8    their motion to dismiss.  ECF No. 12 ("Notice").  As a result, the

9    motion to dismiss was noticed before Judge Westmore with the

10   opposition brief due on October 28, 2014.  ECF No. 13.  After the

11   case was reassigned to the undersigned, notices were issued

12   informing the parties that the hearing dates were vacated, and

13   motions should be re-noticed before the undersigned.  ECF Nos. 14-

14   15.  Nevertheless, as the order reassigning the case, ECF No. 15,

15   stated, "[b]riefing schedules . . . remain[ed] unchanged." Id. at

16   1 (citing Civ. L.R. 7-7(d)).  While the docket entry re-noticing

17   the motion to dismiss stated the correct deadline, October 28,

18   2014, Counsel did not file a responsive brief on that day.

19   Instead, on November 5, 2014, Defendants filed a certification of

20   no opposition.  Cert. of Non-Opp'n at 1-2.  Realizing his mistake,

21   Counsel filed a motion to retroactively extend the opposition

22   deadline, arguing that his failure to respond on the appropriate

23   date was due to the innocent miscalculation of deadlines based on

24   the date of the renoticed motion, and the absence of an associate

25   due to a death in the family.  In Counsel's view, this explanation,

26   coupled with other relevant facts, renders his neglect in failing

27   to timely respond to Defendants' motion excusable.  Defendants

28   oppose the request for leave to file the untimely brief, and argue

**United States District Court**
For the Northern District of California

1  the Complaint should be dismissed either for Counsel's failure to

2  file a timely response or on the merits of the motion to dismiss.

3

4  **III.  LEGAL STANDARDS**

5      **A.  Leave to File Untimely Brief**

6      The Court has discretion to retroactively extend deadlines

7  under Federal Rules of Civil Procedure 6(b) and 60(b)(1) provided

8  that a party shows its neglect in missing the deadline was

9  excusable.  In determining whether the parties have shown excusable

10  neglect, the Court considers four factors (the "<u>Pioneer</u> factors"):

11  (1) the danger of prejudice to the nonmoving parties, (2) the

12  length of delay, (3) the reason for the delay, and (4) whether the

13  movant acted in good faith.  <u>See</u> <u>Pioneer Inv. Servs. Co. v.</u>

14  <u>Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380, 395 (1993); <u>Silber v.</u>

15  <u>Mabon</u>, 18 F.3d 1449, 1455 (9th Cir. 1994).

16      **B.  Rule 12(b)(6)**

17      A motion to dismiss under Federal Rule of Civil Procedure

18  12(b)(6) "tests the legal sufficiency of a claim." <u>Navarro v.</u>

19  <u>Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

20  on the lack of a cognizable legal theory or the absence of

21  sufficient facts alleged under a cognizable legal theory."

22  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir.

23  1988).  "When there are well-pleaded factual allegations, a court

24  should assume their veracity and then determine whether they

25  plausibly give rise to an entitlement to relief." <u>Ashcroft v.</u>

26  <u>Iqbal</u>, 556 U.S. 662, 679 (2009).  However, "the tenet that a court

27  must accept as true all of the allegations contained in a complaint

28  is inapplicable to legal conclusions.  Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## IV. **DISCUSSION**

Determining whether to grant Linder's counsel's request for an extension of the opposition deadline is a threshold question. In other words, if the Court finds that Linder's counsel's neglect in missing the applicable deadline was inexcusable, then dismissal may be appropriate. See Tabi v. Pasadena Area Cmty. Coll. Dist., 510 F. App'x 524, 525 (9th Cir. 2013). As a result, the Court addresses that issue first. Because the Court finds Counsel's neglect in missing the opposition deadline was excusable, the Court then turns to the merits of Defendants' motion to dismiss.

### A. **Motion for Enlargement of Time**

Counsel points to two causes for the delay in filing an opposition brief: (1) confusion stemming from the reassignment of the case from Judge Westmore to the undersigned, and (2) the absence of an associate assigned to this case due to a death in the family. Coupling these explanations with the apparent lack of prejudice to Defendants, Counsel's undisputed good faith, and the short length of the delay at issue, Counsel argues his neglect in

United States District Court
For the Northern District of California

1  failing to file a timely opposition is excusable.

2       Defendants disagree with several of these points, but dedicate

3  a significant amount of their opposition to various procedural

4  issues with the motion to extend time.  Specifically, Defendants

5  argue that because Counsel filed his motion under Civil Local Rule

6  7-2 (not Rule 6-3, which governs motions to change time), and did

7  not submit a declaration setting forth the reasons for the

8  enlargement of time, efforts to stipulate, harm or prejudice that

9  will result, discloses previous time modifications, and describes

10 the effects on the case management schedule as required Rule 6-

11 3(a), the motion should be denied.  True, the undersigned has

12 previously denied motions for failure to comply with aspects of

13 Local Rule 6-3, including the declaration requirement.  See e.g.,

14 Wilson v. Frito-Lay N. Am., Inc., No. 12-1586 SC, 2015 WL 846546,

15 at *2 (N.D. Cal. Feb. 25, 2015); McCreary v. Celera Corp., No. 11-

16 1618 SC, 2011 WL 1399263, at *2 (N.D. Cal. Apr. 13, 2011).

17 However, in each of those cases, the procedural deficiencies left

18 the Court without sufficient facts to decide the motion.  After

19 all, that is the purpose of the declaration requirement in Civil

20 Local Rule 6-3 -- ensuring the Court has sufficient facts to

21 address the merits of requests to enlarge time.  Here, unlike cases

22 denying motions to change time for failing to comply with Local

23 Rule 6-3, the Court finds that even if Counsel's motion is

24 procedurally defective, it still provides sufficient facts to

25 assess the merits of the motion.  As a result, denying the motion

26 for procedural deficiencies under these circumstances would elevate

27 form over substance.  Thus the Court will construe the motion as

28 proper under the rules and consider the merits of Plaintiff's

1   request.

2        The Court finds that the Pioneer factors weigh in favor of

3   granting leave to file the untimely opposition brief.  First, while

4   Defendants complain they were prejudiced by having to respond to

5   Counsel's motion, and some (relatively minor) delay did occur in

6   the period of uncertainty over how to proceed with briefing these

7   motions, any prejudice here was insubstantial.  On the contrary,

8   granting leave to file an opposition brief under these

9   circumstances would do little more than deny Defendants "a quick

10  but unmerited victory, the loss of which we do not consider

11  prejudicial."  Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253,

12  1262 (9th Cir. 2010).  Second, while Defendants argue the length of

13  delay was "unknown," the relevant period of delay is the eight days

14  between the opposition deadline and Counsel's motion.  This is a

15  fairly minor delay.  Cf. Bateman v. U.S. Postal Serv., 231 F.3d

16  1220, 1225 (9th Cir. 2000) (finding neglect was excusable despite a

17  month delay).  Third, while a calendaring mistake is a "weak

18  justification for an attorney's delay," contrary to Defendants'

19  assertions, Timing Opp'n at 5, even calendaring mistakes are

20  compatible with findings of excusable neglect.  See Ahanchian, 624

21  F.3d at 1262; see also Pincay v. Andrews, 389 F.3d 853, 860 (9th

22  Cir. 2004) (finding excusable neglect despite the failure to

23  correctly apply a clear local rule); Bateman, 231 F.3d at 1225

24  (concluding the excusable neglect standard was satisfied despite a

25  month-long delay during which an attorney was recovering from jet

26  lag and reviewing mail).  Finally, Counsel's good faith is

27  undisputed.

28        As a result, the Court finds that Counsel's neglect in failing

**United States District Court**
For the Northern District of California

1  to file a timely opposition was excusable.  Therefore, the motion

2  for leave to file the untimely opposition to Defendants' motion to

3  dismiss is GRANTED.  In the future, however, Counsel is advised to

4  carefully review and follow the Local Rules, as the Court may

5  strike portions of future filings that fail to comply or impose

6  other appropriate sanctions.

7  **B.   Motion to Dismiss**

8  Linder alleges four types of claims: (1) First, Fifth, and

9  Fourteenth Amendment claims under 42 U.S.C. Section 1983, (2)

10 whistleblower retaliation contrary to California Labor Code Section

11 1102.5(b), (3) violation of the Bane Act, California Civil Code

12 Section 52.1, and (4) intentional infliction of emotional distress.

13 The Court will address each of these claims in turn.

14 **1.   Section 1983 Claims**

15 To state a claim under Section 1983, Linder must show that "an

16 individual acting under the color of state law deprived him of a

17 right, privilege, or immunity protected by the United States

18 Constitution or federal law." Levine v. City of Alameda, 525 F.3d

19 903, 905 (9th Cir. 2008) (citing Lopez v. Dep't of Health Servs.,

20 939 F.2d 881, 883 (9th Cir. 1991).  Linder alleges that both Locati

21 and the District, acting under color of state law, deprived him of

22 his Fifth and Fourteenth Amendment due process rights and his First

23 Amendment free speech rights.  As Defendants point out, the Fifth

24 Amendment claims are meritless, because the Fifth Amendment applies

25 only to federal actors, not state or local government actors like

26 Locati or the District.  See Lee v. City of L.A., 250 F.3d 668, 687

27 (9th Cir. 2001).  Accordingly, to the extent Linder alleges Fifth

28 Amendment claims against Locati or the District, such claims are

United States District Court
For the Northern District of California

1  DISMISSED.  Further, because amendment would be futile as to those

2  claims, the dismissal is WITH PREJUDICE.

3       Linder's claims under the Due Process Clause of the Fourteenth

4  Amendment merit more attention.  Due process claims are analyzed in

5  two steps.  See Walls v. Cent. Contra Costa Transit Auth., 653 F.3d

6  963, 967-68 (9th Cir. 2011).  First, the Court must determine

7  whether Linder had a property interest in continued employment.

8  See id. at 968.  Second, and only if the Court determines that

9  Linder did, in fact, have a "property interest" in continued

10 employment does the Court determine whether Linder received all the

11 process he was due.  See id.  State law defines the property

12 interests subject to federal due process protections.  See Brady v.

13 Gebbie, 859 F.2d 1543, 1547-48 (9th Cir. 1988).

14      Linder has not adequately alleged a property interest in

15 continued employment.  Under California law, public employees that

16 are employed at-will do not have property interests in continued

17 employment.  See Binkley v. Long Beach, 16 Cal. App. 4th 1795, 1808

18 (Cal. Ct. App. 1993); see also Kaye v. Bd. of Trs. of the San Diego

19 Cnty. Law Library, No. 07-cv-921 WQH (WMc), 2008 U.S. Dist. LEXIS

20 45604, at *12 (S.D. Cal. June 10, 2008).  As Defendants point out,

21 the District's enabling legislation provides for "employ[ment] and

22 discharge at pleasure [of] all subordinate officers, employees and

23 assistants."  Cal. Sts. & Hwy. Code § 27151.  The phrase "at

24 pleasure" "means one is an at-will employee who can be fired

25 without cause."  Hill v. City of Long Beach, 33 Cal. App. 4th 1684,

26 1694 (Cal. Ct. App. 1996) (citing Bogacki v. Bd. of Supervisors, 5

27 Cal. 3d 771, 783 (Cal. 1971)).  As a result, unless Linder can

28 allege facts that, contrary to this statutory language, he is not

1   an employee at will, he cannot state a claim for violations of due

2   process in terminating his employment under Section 1983.

3        Linder's rejoinders -- (1) that the District should be

4   judicially estopped from arguing he is an employee at will based on

5   another case in this district, <u>Alarid v. Golden Gate Bridge Highway</u>

6   <u>& Transportation District</u>, No. 3:08-cv-2845-WHA (N.D. Cal.) Dkt.

7   Nos. 48, 58, at 21:21-22, and (2) human resources policies provide

8   for termination only for cause -- are either misguided or have not

9   been pleaded.  As Defendants point out, <u>Alarid</u> does not support

10  Linder's judicial estoppel argument because it involved allegations

11  by a bridge patrol officer, a unionized District employee with

12  additional protections and process that Linder, as a non-unionized

13  bridge lieutenant, was not entitled to.[4]  Thus, Linder cannot show

14  that the District has taken inconsistent positions in these two

15  cases, an essential element for invoking judicial estoppel.  <u>See</u>

16  <u>Hamilton v. State Farm Fire & Cas. Co.</u>, 270 F.3d 778, 782 (9th Cir.

17  2001).  Finally, in Linder's opposition brief (not his Complaint),

18  he argues that a memorandum of understanding between the District

19  and a union and human resources policies contradict the statute,

20  and provide for termination only for cause.  While this argument

21  may be meritorious, it is not pleaded in Linder's Complaint, and

22  thus the Court need not address it.  <u>See</u> <u>Bruton v. Gerber Prods.</u>

23  <u>Co.</u>, 961 F. Supp. 2d 1062, 1078 (N.D. Cal. 2013) ("[I]n determining

24  the propriety of a Rule 12(b)(6) dismissal, a court may not look

25  _____

26  [4] Defendants filed a request for judicial notice, ECF No. 34,
    attaching a declaration filed in <u>Alarid</u> and an unpublished
27  California Superior Court decision.  Because these documents are
    "not subject to reasonable dispute," and "can be accurately and
28  readily determined from sources whose accuracy cannot reasonably be
    questioned," Federal Rule of Evidence 201(b), the request is
    GRANTED and the Court takes judicial notice of these documents.

**United States District Court**
For the Northern District of California

1  beyond the complaint to a plaintiff's moving papers, such as a
2  memorandum in opposition to a motion to dismiss."); see also McGraw
3  v. City of Huntington Beach, 882 F.2d 384, 389 (9th Cir. 1989)
4  (citing Skelly v. State Personnel Bd., 15 Cal. 3d 194, 207 (1975))
5  (concluding that under California law, "a public employee . . . who
6  can establish the existence of rules and understandings,
7  promulgated and fostered by state officials, that justify her
8  legitimate claim to continued employment absent sufficient cause,
9  has a property interest in such continued employment within the
10 purview of the due process clause.").

11     Accordingly, Linder's Fourteenth Amendment claims are
12 DISMISSED.  The dismissal is WITHOUT PREJUDICE, and leave to amend
13 is GRANTED to cure the deficiencies set forth above.

14     Next, Linder alleges that his termination violated his First
15 Amendment rights.  "It is well settled that the state may not abuse
16 its position as employer to stifle 'the First Amendment rights its
17 employees would otherwise enjoy as citizens to comment on matters
18 of public interest.'"  Dahlia v. Rodriguez, 735 F.3d 1060, 1066
19 (9th Cir. 2013) (quoting Eng v. Cooley, 552 F.3d 1062, 1070 (9th
20 Cir. 2009)) (internal alteration omitted).  In First Amendment
21 cases involving public employees, the Court must seek "a balance
22 between the interests of the [employee], as a citizen, in
23 commenting on matters of public concern and the interest of the
24 State, as an employer, in promoting the efficiency of the public
25 services it performs through its employees."  Pickering v. Bd. of
26 Educ., 391 U.S. 563, 568 (1968).  This balancing test has been
27 refined into five steps querying:

28          (1) whether the plaintiff spoke on a matter of

1

> public concern; (2) whether the plaintiff spoke
> as a private citizen or public employee; (3)
> whether the plaintiff's protected speech was a
> substantial or motivating factor in the adverse
> employment action; (4) whether the state had an
> adequate justification for treating the
> employee differently from other members of the
> general public; and (5) whether the state would
> have taken the adverse employment action even
> absent the protected speech.

Eng, 552 F.3d at 1070.  Failure to meet any one of these steps is

fatal to a plaintiff's case.  See Dahlia, 735 F.3d at 1067 n.4.

Defendants do not focus on whether Linder has satisfied these

criteria, instead arguing that because they did not intend to

inhibit Linder's free speech, his claims must be dismissed.  See

Mendocino Envt'l Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th

Cir. 1999).  More concretely, Defendants point to Linder's

allegations that Locati and the District directed him to speak with

investigators as evidence that they lacked intent to chill Linder's

speech.

Linder, for his part, does not respond to this argument,

instead largely addressing arguments that Defendants did not press

in their opening brief, and as a result, the Court need not address

the issue.  See Stichting Pensioenfonds ABP v. Countrywide Fin.

Corp., 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (quotation

omitted)("[I]n most circumstances, failure to respond in an

opposition brief to an argument put forward in an opening brief

constitutes waiver or abandonment in regard to the uncontested

issue.").  At best, Linder's only response to Defendants' argument

is (citing the wrong paragraphs of his Complaint) that the

Complaint pleads "Defendant [sic] has taken the aforementioned

actions against Plaintiff in direct retaliation for, and in

response to, the various protected activities of Plaintiff and the

14

**United States District Court**
For the Northern District of California

1    prospect of Plaintiff engaging in such activities."   Compl. ¶ 68.

2    This allegation is conclusory and unsupported by any facts pleaded

3    in the Complaint.   Accordingly, the Court gives this allegation no

4    weight.   See Iqbal, 556 U.S. at 679.

5         As a result, Linder's First Amendment retaliation claims are

6    also DISMISSED.   Leave to amend is GRANTED to cure the deficiencies

7    identified above.

8         Defendants also contend that Linder failed to sufficiently

9    allege the District's liability under Section 1983.   There is no

10   respondeat superior liability for municipalities or local

11   government agencies under Section 1983.   See Monell v. Dep't Soc.

12   Servs. of N.Y., 436 U.S. 658, 691 (1978).   Instead, a plaintiff

13   seeking to hold a municipality or local government entity liable

14   for its employees' acts must allege "Monell liability," which

15   "attach[es] when an employee is acting pursuant to an expressly

16   adopted official policy, longstanding practice or custom, or as a

17   final policymaker."   Thomas v. Cnty. of Riverside, 763 F.3d 1167,

18   1170 (9th Cir. 2014).

19        Linder's exact theory of Monell liability is unclear.   While

20   Defendants believe Linder intends to proceed on an improper policy

21   theory, Reply at 7, his Complaint seemingly alleges that Monell

22   liability is proper under either an improper policy or final

23   policymaker theory (with Locati as the final policymaker).   See

24   Compl. ¶¶ 10, 68-69.   Nevertheless, Linder's claims are

25   inadequately pleaded under either theory.   First, Linder does not

26   allege even the existence of an official policy of retaliation

27   against whistleblowers, thus he cannot proceed on a policy theory.

28   See Dugan v. Cnty of Los Angeles, No. 2:11-cv-08145-ODW (SHx), 2012

United States District Court
For the Northern District of California

1   WL 1161638, at *4-5 (C.D. Cal. Apr. 9, 2012) (dismissing a <u>Monell</u>

2   policy claim for failure to allege any facts supporting the

3   existence of the asserted policy); <u>see also</u> <u>AE ex rel. Hernandez v.</u>

4   <u>Cnty. of Tulare</u>, 666 F.3d 631, 636-38 (9th Cir. 2012).  Similarly,

5   Linder makes nothing more than conclusory allegations that Locati

6   was a final policymaker or that a final policymaker ratified her

7   actions.  <u>See</u> <u>Turner v. City & Cnty. of San Francisco</u>, 892 F. Supp.

8   2d 1188, 1214 (N.D. Cal. 2012).  On the contrary, as Defendants

9   point out, California law (which is controlling on the question of

10  whether Locati is a final policymaker) seemingly provides that the

11  District's general manager, not Locati, the Bridge Captain, is the

12  final policymaker.  <u>See</u> Cal. Sts. & Hwy. Code § 27151.

13      As a result, Defendants' motion to dismiss Linder's claims

14  under Section 1983 is GRANTED.  The dismissal is WITHOUT PREJUDICE,

15  and leave to amend is GRANTED to cure the deficiencies set forth

16  above.

17              **2.  <u>Labor Code Section 1102.5(b)</u>**

18      California Labor Code Section 1102.5(b) states that "[a]n

19  employer . . . shall not retaliate against an employee for

20  disclosing information . . . to a government or law enforcement

21  agency . . . if the employee has reasonable cause to believe that

22  the information discloses a violation of state or federal statute,

23  or a violation or noncompliance with a state or federal rule or

24  regulation."  To state a claim under this section, Linder must show

25  (1) that he was terminated after reporting a violation of or

26  noncompliance with state or federal law, and (2) a causal

27  connection between the termination and reporting the violation.

28

1   <u>Edgerly v. City of Oakland</u>, 211 Cal. App. 4th 1191, 1199 (Cal. Ct.

2   App. 2012).

3       As Defendants point out, Linder does not identified any

4   federal or state law, rule, or regulation that the District

5   violated in the Complaint.  This is insufficient.  <u>See</u> <u>Dauth v.</u>

6   <u>Convenience Retailers, LLC</u>, 2013 WL 5340396, at *2 (N.D. Cal. Sept.

7   24, 2013) ("Plaintiff must identify some federal or state law,

8   rule, regulation that was either violated or that Defendants failed

9   to comply with.").  As a result, Defendants' motion to dismiss

10  these claims is GRANTED WITHOUT PREJUDICE.  Leave to amend is

11  GRANTED to plead the alleged violations set forth in Plaintiff's

12  opposition brief or others.

13              **3.    Bane Act and Intentional Infliction of Emotional**

14                      **Distress**

15      Finally, Defendants move to dismiss Plaintiff's allegations

16  under the Bane Act, California Civil Code Section 52.1, and for

17  intentional infliction of emotional distress.  In his opposition,

18  Plaintiff offers to eliminate these claims from his amended

19  complaint to narrow the issues for trial.  As a result, the

20  allegations are DISMISSED.

21

22  **V.    CONCLUSION**

23      For the reasons set forth above, Plaintiff's motion to extend

24  the deadline for filing an opposition brief is GRANTED.

25  Defendants' motion to dismiss is GRANTED, and the Complaint is

26  DISMISSED WITHOUT PREJUDICE.  Leave to amend is GRANTED to cure the

27  deficiencies set forth in this order.  Plaintiff may file an

28  amended complaint within thirty (30) days.  Failure to file an

**United States District Court**
For the Northern District of California

1    amended complaint within the time allotted may result in dismissal

2    with prejudice.

3

4         IT IS SO ORDERED.

5

6         Dated: April 17, 2015



7                                           UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28