**United States District Court**
For the Northern District of California

1
2
3
4
5            IN THE UNITED STATES DISTRICT COURT
6          FOR THE NORTHERN DISTRICT OF CALIFORNIA
7
8   PAUL LINDER, an individual,        ) Case No. 4:14-cv-03861 SC
                                       )
9              Plaintiff,              ) ORDER GRANTING DEFENDANTS'
10                                     ) MOTION TO DISMISS
       v.                              )
11                                     )
12  GOLDEN GATE BRIDGE, HIGHWAY &      )
    TRANSPORTATION DISTRICT, a         )
13  Special District; LISA LOCATI,     )
    individually and as Bridge         )
14  Captain of the District, and DOES  )
    1 to 10,                           )
15                                     )
16                                     )
               Defendants.             )
17                                     )
18  _____   )

19  **I.   INTRODUCTION**

20       Now before the Court is Defendants Golden Gate Bridge, Highway

21  & Transportation District and Lisa Locati's (collectively

22  "Defendants" or "the District") motion to dismiss.  ECF No. 46

23  ("MTD").  Plaintiff Paul Linder brings this action against the

24  District for (1) retaliation in violation of California Labor Code

25  Section 1102.5(b), (2) violation of 42 U.S.C. § 1983 for infringing

26  Linder's First Amendment freedom of speech, and (3) violation of 42

27  U.S.C. § 1983 for infringing Linder's Fourteenth Amendment due

28  process rights.  The motion is fully briefed.  ECF Nos. 50

**United States District Court**
For the Northern District of California

("Opp'n"); 52 ("Reply").  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for disposition without oral argument.  For the reasons set forth below, Defendants' motion is GRANTED.  Some of Plaintiff's claims are DISMISSED WITH PREJUDICE, while others are DISMISSED WITH LEAVE TO AMEND, as specified below.

**II.   BACKGROUND**

At the motion to dismiss stage, the Court assumes the truth of Plaintiff's well-pleaded factual allegations, so these facts come from Plaintiff's First Amended Complaint ("FAC").  ECF No. 45.

Linder was employed by the District in various roles for 21 years.  At the relevant times he served as a Bridge Lieutenant, and from 2004 to 2012 he was also the Assistant Rangemaster and (later) Rangemaster.  As Assistant Rangemaster and Rangemaster, he was responsible for firearms training and certification for District employees.  In January or February of 2012, Golden Gate removed Linder as Rangemaster as a result of complaints made by Operating Engineers Local 3 concerning the District's firearms certification processes.

Several months later, Locati told Linder he would be interviewed by an outside investigator who was looking into complaints concerning the District's compliance with regulations governing weapons permitting and licensing.  That interview and subsequent investigation by the California Bureau of Security and Investigative Services ("the Bureau") and California Department of Justice ("CDOJ") concluded that the District paid a retired former employee to sign off on District firearms certifications without knowledge of whether the individuals in question were actually

///

qualified for certification.  Over the course of that
investigation, Linder also revealed that Locati misrepresented the
retired former employee's date of retirement to conceal that the
District lacked an active Rangemaster (as is apparently required)
from March 2003 until 2004.  This and other information provided by
Linder was a cause of the Bureau's decision to revoke permits
allowing the District to qualify and re-qualify its personnel to
carry firearms.  As a result of the revocation of the District's
permits, the District was required to use private range services to
comply with firearm regulations.

On July 9, 2012, Linder was given a letter of intent to
terminate his employment by Locati and Bridge Manager Kary Witt
based on Linder's submission of two allegedly incorrect dates on
documents submitted to the Bureau.  After that meeting, Linder was
escorted from the premises and told not to return, and he continued
on unpaid leave until September 2012, when his termination was
overturned.  His return was mired by incidents of allegedly
retaliatory conduct by Locati, who assigned him to an unprecedented
and undesirable schedule, excessively scrutinized his conduct, and
placed unique conditions on his return.  Linder filed a grievance
complaining about this alleged conduct; however, the District's
human resources department rejected the grievance and refused
Linder's parallel request for an investigation of allegations of
wrongdoing leveled by Locati.

On March 9, 2013, Linder responded to a car accident near the
Golden Gate Bridge, after which Locati accused him of wrongdoing
based on purported allegations from an unnamed California Highway
///

United States District Court
For the Northern District of California

1   Patrol (CHP) Officer.  Linder asked Human Resources to investigate

2   the validity of the CHP claims against him, but Human Resources

3   rejected his grievance.  In June 2013, Mr. Linder was placed on a

4   "Final Written Warning" based on three incidents (unspecified in

5   the complaint) that Linder argues are without merit.  In September

6   2013, Mr. Linder received additional threats of termination

7   concerning alleged damage to vehicles with ergonomic

8   accommodations.  In October 2013, Linder reported a security issue

9   to Locati.  Two months later, Locati ordered Linder undergo a

10  "fitness for duty" examination.  Despite being cleared to return to

11  duty, Linder was placed on administrative leave, and in late

12  December 2013, Locati initiated an "Intent to Terminate memorandum"

13  for Linder, citing various alleged instances of Linder's failure to

14  perform certain job duties.

15      On February 19, 2014, Linder was terminated.  In terminating

16  Linder, the District cited four issues: (1) an incident with an

17  individual who attempted to climb a cable on the Golden Gate

18  Bridge, (2) a written warning regarding a complaint from the

19  California Highway Patrol about Linder's response to a car

20  accident, (3) Linder's response to a potential suicide, and (4)

21  Linder's allegedly aggressive behavior toward a trespassing jogger.

22  FAC ¶ 49.

23      Linder filed this suit alleging five claims against Locati and

24  the District.  ECF No. 1 ("Compl.").  Linder's FAC retains only

25  three of those claims: (1) retaliation in violation of California

26  Labor Code Section 1102.5(b), (2) violations of Linder's First

27  Amendment rights under 42 U.S.C. Section 1983, and (3) violations

28  ///

4

of Linder's Fourteenth Amendment due process rights under 42 U.S.C. Section 1983.

This is Defendants' second motion to dismiss.  The Court granted Defendants' first motion and dismissed Linder's Section 1983 claims, in part, because Linder failed to allege facts establishing (1) that he had a property interest in his job (ECF No. 44 ("MTD Order") at 12-13); (2) that the District intended to inhibit Linder's free speech (Id. at 14); and (3) that Locati was a final policymaker or that a final policymaker ratified her actions (Id. at 16).  The Court dismissed Linder's retaliation claim under California Labor Code Section 1102.5(b) because the Complaint failed to identify any federal or state law, rule, or regulation that the District violated.  Id. at 17.  Linder was granted leave to amend, and filed his FAC on May 18, 2015.

III. **LEGAL STANDARD**

A. **Motion to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint

///

**United States District Court**
For the Northern District of California

is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

When granting a motion to dismiss, a court is generally required to grant the plaintiff leave to amend. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246–47 (9th Cir. 1990).  Leave to amend may be denied for undue delay, bad faith, repeated failure to cure deficiencies by previous amendments allowed, futility of the amendment, or prejudice. Foman v. Davis, 371 US 178, 182 (1962); Abagninin v. AMVAC Chem. Corp., 545 F3d 733, 742 (9th Cir. 2008).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).  To avoid dismissal after an opportunity to amend has been granted, plaintiff must disclose the specific facts that would cure the deficiency.  "A plaintiff may not in substance say 'trust me,' and thereby gain a license for further amendment when prior opportunity

///

///

6

1  to amend has been given."  <u>Salameh v. Tarsadia Hotel</u>, 726 F3d 1124,

2  1133 (9th Cir. 2013).

3  **IV.**   **<u>DISCUSSION</u>**

4      Defendants move to dismiss each of Plaintiff's remaining three

5  claims: (1) retaliation in violation of California Labor Code

6  Section 1102.5(b), (2) violation of 42 U.S.C. § 1983 for infringing

7  Linder's First Amendment freedom of speech, and (3) violation of 42

8  U.S.C. § 1983 for infringing Linder's due process rights under the

9  Fourteenth Amendment.  The Court addresses each in turn.

10      **A.**   **<u>Labor Code Section 1102.5(b)</u>**

11      California Labor Code Section 1102.5(b) states that "[a]n

12  employer . . . shall not retaliate against an employee for

13  disclosing information . . . to a government or law enforcement

14  agency . . . if the employee has reasonable cause to believe that

15  the information discloses a violation of state or federal statute,

16  or a violation or noncompliance with a state or federal rule or

17  regulation."  To state a claim under this section, Linder must show

18  (1) that he was terminated after reporting a violation of or

19  noncompliance with state or federal law, and (2) a causal

20  connection between the termination and reporting the violation.

21  <u>Edgerly v. City of Oakland</u>, 211 Cal. App. 4th 1191, 1199 (Cal. Ct.

22  App. 2012).  Defendants argue that Linder has failed to establish a

23  causal connection.

24      Plaintiff's FAC alleges that "[b]oth Defendant Locati and Mr.

25  Witt were aware of Plaintiff's protected speech . . . after July 9,

26  2012 . . . ."  FAC ¶ 108.  Defendants argue that Plaintiff's

27  allegation fails to establish causation because

28   ///

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

> [a]s pleaded, the FAC only suggests the Defendants became
> aware of the allegedly protected speech at some point
> between July 9, 2012 and today. Without more
> specificity, Plaintiff fails to allege that the District
> was aware of the content of the allegedly protected
> speech before it took any adverse employment actions.

Mot. at 7-8. Linder does not address this point at all in his

opposition brief. As a result, the Court need not address the

issue. See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.,

802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (quotation

omitted)("[I]n most circumstances, failure to respond in an

opposition brief to an argument put forward in an opening brief

constitutes waiver or abandonment in regard to the uncontested

issue."). Defendants' motion to dismiss Linder's California Labor

Code claim for retaliation is GRANTED WITHOUT PREJUDICE. Leave to

amend is GRANTED to address the issue of causation.

**B.   Section 1983 Claims**

To state a claim under Section 1983, Linder must show that "an

individual acting under the color of state law deprived him of a

right, privilege, or immunity protected by the United States

Constitution or federal law." Levine v. City of Alameda, 525 F.3d

903, 905 (9th Cir. 2008) (citing Lopez v. Dep't of Health Servs.,

939 F.2d 881, 883 (9th Cir. 1991). Linder alleges that both Locati

and the District, acting under color of state law, deprived him of

his Fourteenth Amendment due process rights and his First Amendment

free speech rights.

**1.   First Amendment**

"It is well settled that the state may not abuse its position

as employer to stifle 'the First Amendment rights its employees

would otherwise enjoy as citizens to comment on matters of public

///

United States District Court
For the Northern District of California

interest.'"  *Dahlia v. Rodriguez*, 735 F.3d 1060, 1066 (9th Cir.

2013) (quoting *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009))

(internal alteration omitted).  In First Amendment cases involving

public employees, the Court must seek "a balance between the

interests of the [employee], as a citizen, in commenting on matters

of public concern and the interest of the State, as an employer, in

promoting the efficiency of the public services it performs through

its employees."  *Pickering v. Bd. of Educ.*, 391 U.S. 563, 568

(1968).  This balancing test has been refined into five steps

querying:

> (1) whether the plaintiff spoke on a matter of public
> concern; (2) whether the plaintiff spoke as a private
> citizen or public employee; (3) whether the plaintiff's
> protected speech was a substantial or motivating factor
> in the adverse employment action; (4) whether the state
> had an adequate justification for treating the employee
> differently from other members of the general public; and
> (5) whether the state would have taken the adverse
> employment action even absent the protected speech.

*Eng*, 552 F.3d at 1070.  Failure to meet any one of these steps is

fatal to a plaintiff's case.  See *Dahlia*, 735 F.3d at 1067 n.4.

Defendants argue that because they did not intend to inhibit

Linder's free speech, his claim must be dismissed.  See

*Mendocino Envt'l Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1301 (9th

Cir. 1999) (holding that intent to inhibit speech "is an element of

the claim").  More concretely, Defendants point to Linder's

allegations that Locati and the District directed him to speak with

investigators as evidence that they lacked intent to chill Linder's

speech.  Defendants made the same argument in their first motion to

dismiss, and the Court dismissed Plaintiff's claim because Linder

failed to respond to Defendants' argument.  MTD Order at 14-15.

///

1    Plaintiff's opposition once again fails to address Defendants'

2    argument.  "[F]ailure to respond in an opposition brief to an

3    argument put forward in an opening brief constitutes waiver or

4    abandonment . . . ."  <u>Stichting Pensioenfonds ABP</u>, 802 F. Supp. at

5    1132.  Because this is the second time that Plaintiff has failed to

6    respond, the Court concludes that further opportunities to amend

7    would be futile.  Accordingly, Plaintiff's First Amendment

8    retaliation claim is DISMISSED WITH PREJUDICE.

9             **2.   <u>Fourteenth Amendment</u>**

10   Due process claims are analyzed in two steps.  <u>See</u> <u>Walls v.</u>

11   <u>Cent. Contra Costa Transit Auth.</u>, 653 F.3d 963, 967-68 (9th Cir.

12   2011).  First, the Court must determine whether Linder had a

13   property interest in continued employment.  <u>See</u> <u>id.</u> at 968.

14   Second, and only if the Court determines that Linder did, in fact,

15   have a "property interest" in continued employment does the Court

16   determine whether Linder received all the process he was due.  <u>See</u>

17   <u>id.</u>  State law defines the property interests subject to federal

18   due process protections.  <u>See</u> <u>Brady v. Gebbie</u>, 859 F.2d 1543, 1547-

19   48 (9th Cir. 1988).

20   Linder has not adequately alleged a property interest in

21   continued employment.  Under California law, public employees that

22   are employed at-will do not have property interests in continued

23   employment.  <u>See</u> <u>Binkley v. Long Beach</u>, 16 Cal. App. 4th 1795, 1808

24   (Cal. Ct. App. 1993); <u>see also</u> <u>Kaye v. Bd. of Trs. of the San Diego</u>

25   <u>Cnty. Law Library</u>, No. 07-cv-921 WQH (WMC), 2008 U.S. Dist. LEXIS

26   45604, at *12 (S.D. Cal. June 10, 2008).  As Defendants point out,

27   the District's enabling legislation provides for "employ[ment] and

28    ///

United States District Court
For the Northern District of California

discharge at pleasure [of] all subordinate officers, employees and assistants."  Cal. Sts. & Hwy. Code § 27151.  The phrase "at pleasure" "means one is an at-will employee who can be fired without cause."  Hill v. City of Long Beach, 33 Cal. App. 4th 1684, 1694 (Cal. Ct. App. 1996) (citing Bogacki v. Bd. of Supervisors, 5 Cal. 3d 771, 783 (Cal. 1971)).

Plaintiff relies on McGraw v. City of Huntington Beach, 882 F.2d 384, 389 (9th Cir. 1989) to claim that he gained a property interest in continued employment the moment he was removed from probationary status.  McGraw does not stand for that proposition.  The McGraw court held that the plaintiff had a property interest in her job because her employer's Personnel Rules "severely restricted" the employer's ability to fire her.  McGraw, 882 F.2d at 389.  Specifically, the Personnel Rules required that a disciplinary dismissal "could have been accomplished only upon a finding of 'just cause.'"  Id.  Linder does not cite to any rules restricting the District's ability to terminate him.  As a result, McGraw is inapposite.

This is the second time that Plaintiff has failed to plead facts establishing that he is not an at-will employee.  See MTD Order at 13.  The Court concludes that further opportunities to amend would be futile.  Accordingly, Plaintiff's Fourteenth Amendment claim is DISMISSED WITH PREJUDICE.

**V.   CONCLUSION**

For the reasons set forth above, Defendants' motion to dismiss is GRANTED, and the First Amended Complaint is DISMISSED WITHOUT PREJUDICE.  Leave to amend is GRANTED only as to Plaintiff's

///

1   retaliation claim under California Labor Code Section 1102.5(b).

2   Plaintiff may file a second amended complaint within thirty (30)

3   days.  Failure to file a second amended complaint within the time

4   allotted may result in dismissal with prejudice.

5

6        IT IS SO ORDERED.

7

8        Dated:  August 3, 2015          

9                                     UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California