UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LINDER,<br>　　　　Plaintiff,<br><br>　　v.<br><br>GOLDEN GATE BRIDGE, HIGHWAY &<br>TRANSPORTATION DISTRICT, et al.,<br><br>　　　　Defendants. | Case No. 14-cv-03861-SC<br><br>**ORDER** |

　　This action was assigned to the Honorable Samuel Conti, who has retired. Because the case had already been closed at the time of Judge Conti's retirement, it was not reassigned. On September 30, 2015, however, plaintiff filed a motion purporting to seek dismissal of the first claim for relief under Rule 41(a)(2) of the Federal Rules of Civil Procedure, and setting a hearing on that motion for this date. Under the operating procedures of the Court, that motion is to be decided by the undersigned, who was serving as the General Duty Judge on the date the motion was filed. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument.

　　Plaintiff's entire complaint was dismissed by written order entered on August 3, 2015. See Dkt. No. 55. That order dismissed plaintiff's federal claims without leave to amend, and granted him 30 days to file a second amended complaint amending his claim under California Labor Code Section 1102.5(b). At the conclusion of the allotted 30 days, plaintiff filed "Notice of Voluntary Dismissal of Count 1 Pursuant to FRCP 41." The notice asserted that voluntary

dismissal by the plaintiff without court order under Rule 41(a)(1)(a) of the California Labor Code claim was appropriate, and that plaintiff intended to appeal the dismissal of the federal claims. In lieu of filing an amended complaint here, plaintiff is pursuing the Labor Code claim in state court.[1] In light of plaintiff's election not to file an amended complaint, and pursuant to the August 3rd dismissal order, the case was then closed.

Just under 30 days later, plaintiff filed a motion seeking to withdraw his voluntary dismissal under Rule 41(a)(1)(a), and instead have the court dismiss the state claim under Rule 41(a)(2). Plaintiff apparently believed that because his purported voluntary dismissal of the state claim was without prejudice, there existed no appealable order or judgment with respect to the federal claims, and that by seeking a court-ordered dismissal under Rule 41(a)(2), he could remedy that situation.

The rule in this circuit is: "[A] plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained." *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). The issue, however, is not whether plaintiff should have invoked subdivision (a)(2) rather than subdivision (a)(1) of Rule 41. The claim for relief at issue (indeed, the entire complaint) had already been dismissed, over plaintiff's opposition. The mechanisms set out in Rule 41 for voluntary dismissal by a plaintiff were not implicated at the procedural juncture then existing.

The proper course would have been for plaintiff simply to file written notice that he did not intend to amend. *See WMX*, 104 F.3d at 1135-36 ("filing of such notice gives the district court an opportunity to reconsider, if appropriate, but more importantly, to enter an order dismissing the action, one that is clearly appealable.") (internal citation omitted). As noted, plaintiff's filing of the notice of dismissal was treated as an election not to amend, and the case was closed. No notice

---

[1] Because the dismissal of that claim was without prejudice, no apparent bar precluded plaintiff from refiling in state court. Doing so was also appropriate given that this court could have declined to exercise jurisdiction if only a state law claim remained in the case.

1  of that closure was given, however, and no separate judgment was entered.

2  Accordingly, even assuming the August 3, 2015 order dismissing the federal claims with
3  prejudice became appealable once plaintiff effectively conveyed his intent not to file an amended
4  complaint, the time to appeal has not yet expired. *See* Fed. R. Civ. Pro. 58(c)(2)(B). While
5  plaintiff's motion does not seek the correct remedy, he has shown that relief is appropriate. This
6  order will therefore serve as the "further determination" required under *WMX* that the prior
7  dismissal of plaintiff's claims is now final. A separate judgment will enter.

**IT IS SO ORDERED**.

Dated: November 13, 2015

_____
RICHARD SEEBORG
United States District Judge